were in force we could dissolve it (Ill. Rev. Stat. 1971, ch. 110A, par. 366(a) (5)), or we could reverse the order granting the injunction as the defendants requested in their notice of appeal and opening brief. This could be done if the appeal were not moot, because, (a) at least one of the defendants' contentions indicates reversible error and (b) the total failure of the plaintiff to contest the defendants' contentions can be taken as a confession of error. But, inasmuch as we hold the appeal to be moot, we can do nothing but dismiss it, for, as the court said in *La Salle National Bank v. City of Chicago*, 3 Ill.2d 375, 379, 121 N.E.2d 486: "* * * an appellate court will not review a case merely * * * to determine the right to, or the liability for, costs * * *." Nor, we might add, for possible damages in a case such as this where no motion to dissolve the temporary injunction was made in the trial court.

Appeal dismissed.

McNAMARA, P. J., and McGLOON, J., concur.

THE BUCKINGHAM CORPORATION, Plaintiff-Appellee, *v.* GEORGE J. VASELOPULOS, Individually and d/b/a BEL-PARK LIQUORS, Defendant-Appellant.

(No. 57796; ▮▮▮▮▮▮▮▮▮▮▮)

First District (3rd Division)—January 17, 1974.

Opinion by Mr. JUSTICE DEMPSEY.

Allen H. Schultz, of Chicago, for appellant.

Morton Siegel and Kenneth S. Freedman, both of Chicago, for appellee.